IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GORRIO,<br>        *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER<br>SHORTER *et al.*,<br>        *Defendants* | : | |
| | : | **No. 23- 4807** |

**M E M O R A N D U M**

PRATTER, J.                                              JANUARY 16, 2024

Currently before the Court are Motions to Proceed *In Forma Pauperis*, a Prisoner Trust
Fund Account Statement, and an Amended Complaint filed by Plaintiff Michael Gorrio against
Correctional Officer Shorter and Sergeant Green, both of whom are employed at SCI Phoenix.
(ECF Nos. 5-8.)  For the following reasons, the Court grants Mr. Gorrio leave to proceed *in forma
pauperis* and dismisses his Amended Complaint without prejudice.  Mr. Gorrio may file a second
amended complaint.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

In November 2023, Mr. Gorrio filed a civil complaint against 33 defendants raising a host
of claims based on his placement in the Restricted Housing Unit and other distinct events that
allegedly occurred at SCI Phoenix, where he is currently confined.  *Gorrio v. Terra*, Civ. A. No.
23-4366 (E.D. Pa.) (ECF No. 2).  The Court's staff screened Mr. Gorrio's complaint, and the Court
severed certain of his claims into two new lawsuits, including "claims arising from events
beginning in August 2023 predicated on the 'fight club' allegedly operating on M-Unit, which the
Complaint associate[d] with Correctional Officer Shorter and Unit Manager Wychunis," and
which serve as the basis for Mr. Gorrio's claims in the instant lawsuit. *See Gorrio v. Terra*, No.

23-4366, 2023 WL 8373167, at *6 (E.D. Pa. Dec. 4, 2023). Mr. Gorrio had alleged that he "was stabbed in the head and fractured his left hand" as a result of an altercation with another inmate Mr. Gorrio claims arose because of the alleged "fight club." *Id.* at *4.

Mr. Gorrio was instructed to either pay the applicable filing fees or move to proceed *in forma pauperis* if he sought to proceed with the claims that were severed into the instant case. In response, he completed the paperwork for proceeding *in forma pauperis* and also reasserted his claims by filing an amended complaint. "[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). In other words, "the most recently filed amended complaint becomes the operative pleading," *id.*, and the governing recitation of Mr. Gorrio's claims.

Mr. Gorrio has named Correctional Officer Shorter and Sergeant Green as defendants in his Amended Complaint. He alleges that the events giving rise to his claims occurred on August 17, 2023 while he was incarcerated on M-Unit at SCI Phoenix. Mr. Gorrio alleges that he was "assaulted by another prisoner" and that he sustained a "broken metacarpal, stiches to head, and mental & emotional injuries" as the factual basis for his claims. Mr. Gorrio states that he intends to assert claims for "excessive use of force, deliberate indifference to safety, deliberate indifference to healthcare, assault & battery and negligence." He seeks monetary damages.

## LEGAL STANDARD

The Court grants Mr. Gorrio leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[1] Because Mr. Gorrio is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court also reviews the Amended Complaint and dismisses the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). Given that Mr. Gorrio is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

DISCUSSION

## I. Section 1983 Claims[2]

Mr. Gorrio asserts his constitutional claims pursuant to § 1983, a vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Failure to Protect

Prison officials have a duty to take reasonable measures to address the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation and citation omitted). In that regard, prison officials have a duty "'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at

---

[2]     Mr. Gorrio sued the defendants in their individual and official capacities. Am. Compl. at 3. Official capacity claims are indistinguishable from claims against the governmental entity that employs the defendants. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). Thus, § 1983 claims against the individual defendants here — employees of the Pennsylvania Department of Corrections — are really claims against the DOC, which is shielded from § 1983 suits by Eleventh Amendment immunity and is not considered a "person" subject to liability under § 1983. *See also Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020) ("Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity."); *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983).

Accordingly, all § 1983 claims asserted against the defendants in their official capacity will be dismissed with prejudice. The Court will address Mr. Gorrio's damages claims against the defendants in their individual capacities below.

833). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.

To state a plausible failure to protect claim, Mr. Gorrio must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) prison officials acted with deliberate indifference to that substantial risk of serious harm; and (3) the officials' deliberate indifference caused harm. *See id.*; *Hamilton*, 117 F.3d at 746. Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Mr. Gorrio must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id.* at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id.* at 125.

Mr. Gorrio's Amended Complaint does not provide any factual details about the assault he sustained that gave rise to his injuries. He neither raises any allegations about the alleged "fight club" that was the subject of his initial Complaint nor describes the series of events that led to the altercation with another inmate that gives rise to his claims. Furthermore, he has not alleged how either defendant was involved in the events giving rise to his claim to support an inference of deliberate indifference. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original). Accordingly, Mr. Gorrio has not stated a failure to protect claim.

### B.  Deliberate Indifference to Medical Needs

To state a constitutional claim based on the failure to provide medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer*, 511 U.S. at 835. As with a failure to protect claim, a prison official is not

deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference in this context is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).   Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).   "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

Again, Mr. Gorrio has failed to allege sufficient facts to support his claims against the two non-medical provider defendants he has named.   He does not allege what medical care the defendants were aware that he required, when they were so aware, and how, if at all, any such awareness gives rise to an inference that the defendants were deliberately indifferent to his medical needs.   Absent further factual development, Mr. Gorrio has not stated a claim for deliberate indifference to his serious medical needs. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

### C. Excessive Force

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). "Force that is used 'maliciously and sadistically for the very purpose of causing harm' violates the Eighth Amendment." *Young v. Martin*, 801 F.3d 172, 180 (3d Cir. 2015) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The factors used to determine whether the force applied was excessive include: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) ''the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The inquiry is driven "by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002).

Again, Mr. Gorrio has failed to develop this claim. He has not alleged that Officer Shorter and Officer Green subjected him to any force, let alone excessive force. Absent any facts suggesting that Officer Shorter and Officer Green used force on Mr. Gorrio, and the context in which such force was applied, Mr. Gorrio has failed to state an excessive force claim against the defendants.

## II. State Law Claims

The only independent basis for jurisdiction over Mr. Gorrio's remaining state law claims is 28 U.S.C. § 1332(a).[3]  This provision grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

The Amended Complaint does not allege the parties' citizenship.  Accordingly, there is no basis for the Court to exercise jurisdiction over Mr. Gorrio's state law claims.

---

[3]  The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims, having dismissed all of Mr. Gorrio's federal claims.

CONCLUSION

For the foregoing reasons, the Court grants Mr. Gorrio leave to proceed *in forma pauperis* and dismisses his Complaint. The Court dismisses Mr. Gorrio's claims against the defendants in their official capacities with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Gorrio's federal claims against the defendants in their individual capacities are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and his state law claims are dismissed without prejudice for lack of subject matter jurisdiction. In light of Mr. Gorrio's *pro se* status, the Court provides him an opportunity to file a second amended complaint in the event he can articulate additional facts to state a plausible claim.

An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE